# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WANAMAKER, | : | Civil No. 1:20-CV-01409 |
| Plaintiff, | : | |
| v. | : | |
| BOOSE AT CORNWALL, INC., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a case brought under the Family and Medical Leave Act ("FMLA") that is currently before the court on Defendant's motion to dismiss for lack of prosecution. For the reasons that follow, the motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Thomas Wanamaker ("Wanamaker") initiated this case by filing a complaint through counsel on August 10, 2020. (Doc. 1.) Defendant answered the complaint on September 15, 2020, Doc. 7, and the court then conducted a case management conference with counsel on December 2, 2020. Following the conference, the court referred the case to mediation. (Doc. 12.)

Before mediation could be completed, Wanamaker's counsel filed an unopposed motion to withdraw from the case on February 4, 2021, citing Wanamaker's lack of responsiveness and unwillingness to cooperate with counsel in completing Wanamaker's discovery obligations. (Doc. 13.) The court granted the motion to withdraw on February 16, 2021, and scheduled a follow-up status

1

conference for March 3, 2021, to discuss whether Wanamaker intended to retain new counsel or whether he intended to proceed as a self-represented litigant. (Doc. 14.)

The court conducted the status conference as scheduled on March 3, 2021, but Wanamaker failed to appear. (Doc. 16.) The court accordingly issued an order later that day, continuing the conference to April 7, 2021. (Doc. 17.) The court clarified that Wanamaker was obligated to appear for the call on his own behalf, and directed the Clerk of Court to contact Wanamaker's former counsel in an effort to obtain contact information for Wanamaker. (*Id.*) The court's deputy clerk did so, and successfully obtained contact information at which Wanamaker could be reached.

On April 7, 2021, the court's deputy clerk called Wanamaker on the phone approximately three hours before the scheduled status conference and spoke with him. (Doc. 18.) The deputy clerk informed Wanamaker that a conference was scheduled for later that day. (*Id.*) Wanamaker stated that he was not previously aware of the conference because he had moved, but told the deputy clerk that he would call in for the conference. (*Id.*) During the phone call, the deputy clerk emailed Wanamaker a copy of the order that had scheduled the April 7, 2021 status conference and requested that Plaintiff respond to the email. (*Id.*) Plaintiff verbally acknowledged his receipt of the email, but did not send a response. (*Id.*)

The status conference proceeded as scheduled on April 7, 2021 at 11:45 a.m., but Wanamaker again failed to appear. (*Id.*) The deputy clerk called Wanamaker using the same number at which she had successfully reached him earlier that day. (*Id.*) Wanamaker did not answer the call, so the deputy clerk left a voicemail message for him at 11:46 a.m. reiterating that a conference was scheduled for 11:45 a.m., providing the call-in information for the conference, and informing him that the court and opposing counsel were currently on the line waiting for him. (*Id.*) Following the deputy clerk's voicemail message, the court and opposing counsel stayed on the line until approximately 11:49 a.m. Because Wanamaker still had not appeared at that time, the court ended the conference.

The court issued an order later on April 7, 2021 in response to Wanamaker's failure to appear for the conference. (Doc. 19.) In the order, the court continued the status conference to April 21, 2021 and warned, "[t]his is the final time that this status conference will be continued." (*Id.* at 3.) The court reiterated that Wanamaker was obligated to appear for the conference if he had not retained counsel. (*Id.*) The court ordered Wanamaker to update his mailing address, but also directed the deputy clerk to "send a copy of this order to the email address provided by Plaintiff in order to ensure that he receives notice of the rescheduled conference." (*Id.* at 3–4.) Finally, the court stated that if Wanamaker again failed to appear for the conference, the court would impose sanctions on him, which

3

"would likely include dismissal of the case with prejudice for failure to prosecute the case." (*Id.* at 4.) "Stated more directly," the court continued, "if Plaintiff does not appear for the April 21, 2021 conference, **<u>the court will likely dismiss this case with prejudice</u>**." (*Id.* (emphasis in original).) The court followed up on its order the next day with an additional order that provided call-in information for the scheduled status conference and directed the court's staff to email a copy of the order to Wanamaker. (Doc. 20.) The court's law clerk subsequently emailed copies of both Doc. 19 and Doc. 20 to Wanamaker. (Doc. 21.)

The court conducted the status conference as scheduled on April 21, 2021 at 2:00 p.m., but Wanamaker again failed to appear.[1] (*Id.*) During the call, the court's deputy clerk and law clerk reiterated the efforts they had made to ensure that Wanamaker had notice of the conference. (*Id.*) Counsel for the Defendant announced his intention to move to dismiss the case for lack of prosecution. (*Id.*) The court and counsel stayed on the line until 2:10 p.m., at which point the court terminated the call. (*Id.*)

---

[1] The court's minutes sheet for this call states "[a]ll parties present on the call." (Doc. 21.) This passage was included in error. The remainder of the minutes sheet clearly indicates that Wanamaker was not present for the call. The court's internal notes for the call as well as the notes taken by the court's deputy clerk and law clerk also confirm that Wanamaker was not present for the call.

4

As indicated during the April 21, 2021 conference, Defendant filed a motion to dismiss for lack of prosecution on April 26, 2021. (Doc. 22.) Defendant did not file a brief in support of the motion during the time period required by Local Rule 7.5, but given the circumstances in which the motion was filed, the court issued an order on May 18, 2021 construing the motion as a consolidated motion and brief. (Doc. 24.) The court accordingly ordered Wanamaker to file a brief in opposition to the motion on or before June 1, 2021. (*Id.*)

Wanamaker has not filed a brief in opposition to the motion to dismiss for lack of prosecution, and it has now been over five weeks since the court ordered such a brief and approximately two months since the motion was filed. Additionally, it has been over four months since Wanamaker's counsel withdrew from this case, and Wanamaker has not taken any action to litigate the case, despite repeated orders from the court for him to do so and repeated emails and calls from the court's staff reminding him of his obligations as a self-represented litigant. With this context in mind, the court will analyze Defendant's motion to dismiss for lack of prosecution, which is now ripe given Wanamaker's failure to file a brief in opposition to the motion.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a case for a plaintiff's failure to prosecute the case. When considering whether to dismiss for failure to prosecute, a district court must consider six factors, which are commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Although the *Poulis* factors taken as a whole must support dismissal in order for the court to dismiss a case, no single *Poulis* factor is dispositive, and not all of the factors need to be satisfied in order to dismiss. *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

Here, a review of the *Poulis* factors weighs in favor of dismissing this case. First, because Wanamaker is unrepresented, he bears personal responsibility for his failure to litigate the case. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

Second, Defendant and its counsel have been prejudiced by Wanamaker's failure to abide by his obligations as a litigant, since Defendant's counsel has now appeared for three status conferences at which Wanamaker has failed to appear. Additionally, Wanamaker's failure to perform his discovery obligations makes it impossible for Defendant to defend itself against Wanamaker's claims.

Third, Wanamaker has shown a clear history of dilatoriness. Wanamaker's counsel withdrew from this case based on Wanamaker's failure to perform his discovery obligations, and since counsel's withdrawal Wanamaker has repeatedly failed to attend status conferences despite clear orders from the court and direct communications from the court's staff.

Fourth, it is clear that Wanamaker's actions have been willful, as he has clearly been informed of his obligations as a litigant and has nonetheless failed to prosecute the case. The clearest example of this comes from the fact that the court's deputy clerk personally spoke with Wanamaker on April 7, 2021 approximately three hours before a scheduled conference and Wanamaker assured the deputy clerk that he would attend the conference but then did not do so. There

is no other reasonable way to view such an action other than as a willful failure to comply with court orders.

Fifth, no alternative sanctions would be effective. Wanamaker has shown a clear unwillingness to comply with court orders and has refused to comply with his basic obligations as a litigant. There is thus no reason to believe that any sort of injunctive sanction would cure Wanamaker's failure to prosecute his case. There is also no indication that monetary sanctions would be effective.

Sixth, and finally, the meritoriousness of Wanamaker's claim is neutral. Defendant answered the complaint rather than filing a motion to dismiss for failure to state a claim under Rule 12(b)(6), which indicates that there is at least some legal merit to Wanamaker's claims. Nevertheless, given Wanamaker's failure to abide by his discovery obligations, it is difficult for the court or opposing counsel to ascertain the ultimate merits of Wanamaker's claims. Accordingly, the court finds that this factor is neutral in the dismissal analysis.

In sum, the court finds that the first five *Poulis* factors weigh in favor of dismissal for failure to prosecute, while the sixth factor—the meritoriousness of Wanamaker's claim—is neutral. Taking all the factors together, the court will grant the motion to dismiss for lack of prosecution.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of prosecution is granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 7, 2021